UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| TEXAS EYE & LASER CENTER, P.A., | § | |
| | § | |
| Plaintiff | § | |
| | § | |
| vs. | § | CIVIL ACTION NO. 4:23-cv-00308 |
| | § | |
| FIDELITY AND GUARANTY | § | |
| INSURANCE COMPANY, | § | |
| | § | |
| Defendant. | § | |

## PLAINTIFF'S FIRST AMENDED COMPLAINT

TO THE HONORABLE JUDGE OF SAID COURT:

Pursuant to Federal Rule of Civil Procedure 15(a)(1), Plaintiff TEXAS EYE & LASER CENTER, P.A. ("Plaintiff") files this First Amended Complaint against Defendant FIDELITY AND GUARANTY INSURANCE COMPANY ("Fidelity" and "Defendant") in Plaintiff's lawsuit originally filed in State Court, and would respectfully show the Court the following:

### PARTIES

1. Plaintiff resides in Tarrant County, Texas.

2. Defendant FIDELITY AND GUARANTY INSURANCE COMPANY is in the business of insurance in the State of Texas. The insurance business done by FIDELITY AND GUARANTY INSURANCE COMPANY in Texas includes, but is not limited to, the following:

- The making and issuing of contracts of insurance with Plaintiff;

- The taking or receiving of application for insurance, including Plaintiff's application for insurance;

- The receiving or collection of premiums, commissions, membership fees, assessments, dues or other consideration for any insurance or any part thereof, including any such consideration or payments from Plaintiff; and

- The issuance or delivery of contracts of insurance to residents of this state or a person authorized to do business in this state, including Plaintiff.

3.   Defendant FIDELITY AND GUARANTY INSURANCE COMPANY is an insurance company regularly engaged in the business of insurance in Texas, operating for the purpose of accumulating monetary profit. At all relevant times, Fidelity was doing business in the State of Texas, is licensed with the Texas Department of Insurance, and already has appeared in this litigation via the following counsel of record: Mr. James W. Holbrook, III, and Ms. Jennifer L. Gibbs, Zelle, LLP, 901 Main Street, Suite 4000 (Email: jholbrook@zellelaw.com, jgibbs@zelllelaw.com, Telephone (214) 742-3000; Facsimile (214) 760-8994).

### VENUE

4.   All or part of the conduct giving rise to the causes of action were committed in Tarrant County, Texas, and Plaintiff and the property which are the subject of this suit are located in Tarrant County, Texas.

### JURISDICTION

5.   Jurisdiction is proper in this Court under 28 U.S.C. §1332 because there is complete diversity of citizenship between the parties and the amount in controversy exceeds $75,000.00 exclusive of interest and costs.

### NATURE OF THE CASE; RELIEF SOUGHT

6.   This is a first-party insurance case stemming from extensive damage to Plaintiff's property from Winter Storm Uri in February 2021. Plaintiff seeks business interruption damages for breach of contract and violations of the Texas Insurance Code. Plaintiff seeks their contract damages, attorneys' fees, compensatory damages, statutory penalties, costs of court and pre- and post-judgment interest. Plaintiff asserts that the damages sought are within the jurisdictional limits of the court, and Plaintiff seeks monetary relief over $1,000,000.

**BACKGROUND FACTS**

7. Plaintiff owns the property located at 1872 Norwood Drive, Hurst, Texas 76054 and operating as Texas Eye & Laser Center ("the Property"). At all relevant times, the Property was covered by a policy of insurance, numbered BIP-4R620049-20-42, issued by Fidelity to Plaintiff (the "Policy"). The Policy at issue covered the Property against loss by hail and wind damage, freeze events, and water damage, among other perils, and the Policy also provided coverage for loss of business income caused by such covered perils.

8. As a consequence of the freeze event, the Property sustained extensive damage on or about February 17, 2021, and Plaintiff suffered significant loss of income because of interruptions to its business operations caused by the freeze event and corresponding losses and damages to the Property.

9. Plaintiff gave timely notice to Fidelity. Plaintiff has performed all conditions precedent to their recovery under the Policy. Plaintiff has faithfully paid all the premiums under the above-referenced Policy, and Plaintiff cooperated with Fidelity.

10. Fidelity assigned the claim to adjusters to investigate, report on and adjust the loss. Plaintiff provided information to the adjusters and gave opportunities for Fidelity and its adjusters to inspect the Property. Fidelity does not dispute that Plaintiff's losses are covered under the Policy. However, Fidelity failed to conduct a full and fair and reasonable investigation of Plaintiff's claim and the full scope and extent of Plaintiff's covered losses and damages, including as to the loss of business income suffered by Plaintiff.

11. During its investigation of Plaintiff's losses, Fidelity retained Matson Driscoll & Damico LLP ("MD&D") to assist with Fidelity's claim investigation regarding Plaintiff's business income losses caused by the freeze event. Fidelity and MD&D conducted a predetermined,

myopic investigation in which they failed to properly consider, and/or ignored, all relevant facts underlying Plaintiff's business income losses and damages at issue. Based on such investigation, Fidelity concluded that Plaintiff's business income loss caused by Uri was a fraction of Plaintiff's actual loss, thereby undervaluing the claim at issue and drastically reducing Fidelity's exposure under the Policy and further violating the terms of the Policy by failing to pay for all of the covered damage and loss caused by the freeze event at issue. Fidelity did this inadequate assessment despite plainly visible, significant, and extensive damage to the Property (including interior water damage within the Property caused by the freeze event and despite significant interruptions to Plaintiff's usual and customary business operations (including shutdowns of Plaintiff's operation and/or reductions in operations, patient backlog, patient cancellations, and loss of patient clientele) caused by the freeze event. The amount of Plaintiff' lost income is well established and has been provided to Fidelity, but Fidelity still has refused to pay the full amount of Plaintiff's covered loss and damages.

12. Fidelity forced Plaintiff to file this suit by offering substantially less than the amount of Plaintiff's covered loss and damages. Fidelity has failed and refused to pay Plaintiff in accordance with the promises under the Policy. In addition, Fidelity violated the Prompt Payment of Claims Act, Texas Ins. Code § 542.55 *et. seq.*

### CLAIMS AGAINST DEFENDANT FIDELITY AND GUARANTY INSURANCE COMPANY

13. **Declaratory Judgment.** Plaintiff re-alleges the foregoing paragraphs. Pursuant to the Texas Declaratory Judgment Act, Plaintiff is entitled to a declaration that the Policy provides coverage for the cost to repair the damaged property, less only a deductible, among other things. In the alternative, Plaintiff asserts that the Policy is ambiguous and must be interpreted in favor of coverage and against Fidelity.

14. **Breach of Contract.** Plaintiff re-alleges the foregoing paragraphs. The acts and omissions of Fidelity and its agents constitute a breach and/or anticipatory breach of Fidelity's insurance contract with Plaintiff. Plaintiff has satisfied all conditions precedent to the fulfillment of its contractual demands. Accordingly, Plaintiff brings an action for breach of contract against Fidelity pursuant to Texas statutory and common law, including Chapter 38 of the Texas Civil Practice and Remedies Code, and seek all of their damages for such breach, including actual damages, consequential damages, attorneys' fees, prejudgment interest, other litigation expenses and costs of court.

15. **Violations of the Texas Insurance Code.** Plaintiff re-alleges the foregoing paragraphs. At all pertinent times, Fidelity was engaged in the business of insurance as defined by the Texas Insurance Code. The acts and omissions of Fidelity and its agents constitute one or more violations of the Texas Insurance Code. More specifically, Fidelity violated the Prompt Payment of Claims Act, section 542.051, *et seq*. of the Texas Insurance Code. Accordingly, Plaintiff seeks the statutory damages as a penalty, plus reasonable and necessary attorney's fees incurred as a result of these violations.

16. **Attorneys' fees.** Plaintiff re-alleges the foregoing paragraphs. Plaintiff has been required to engage the services of the undersigned attorneys and have agreed to pay their attorneys a reasonable fee for services expended and to be expended in the prosecution of their claims against Fidelity through the trial court and all levels of the appellate process. Plaintiff seeks the recovery of all of their attorneys' fees and expenses.

17. With respect to all causes of action asserted herein, Plaintiff seeks the recovery of prejudgment and post-judgment interest.

## CONDITIONS PRECEDENT

18. All conditions precedent for Plaintiff to recover under the Policy has been or will be met.

## JURY DEMAND

19. Plaintiff requests that a jury be convened to try the factual issues in these causes of action and already has tendered the appropriate fee to the Tarrant County, Texas District Clerk with the filing of its Original Petition in the Judicial District Court of Tarrant County, Texas, which was assigned Cause No. 153-340136-23 in the 153rd Judicial District Court of Tarrant County, Texas.

## RESERVATION OF RIGHTS

20. Plaintiff specifically reserves the right to bring additional causes of action against FIDELITY and to amend this Petition as necessary.

## PRAYER

WHEREFORE, Plaintiff seeks the following relief:

A. the Court's declaration that the Policy provides coverage for the damage to the Property, less only a deductible;

B. alternatively, a ruling that the Policy is ambiguous and must be interpreted in favor of coverage and in favor of Plaintiff;

C. damages against Fidelity for breach of contract, including actual damages, consequential damages, attorneys' fees, pre- and post-judgment interest, other litigation expenses, and costs of court;

D. statutory damages, based on applicable percentage of damages penalty for violations of Texas' Prompt Payment of Claims Act;

E. any and all other financial relief and rulings to which Plaintiff may be entitled at law and/or as a matter of equity; and

F. any and all other financial relief and rulings to which Plaintiff may be entitled at law and/or as a matter of equity.

                                        Respectfully submitted,

                                        PEARSON LEGAL, P.C.
                                        425 Soledad, Suite 600
                                        San Antonio, Texas 78205
                                        Telephone: (210) 732-7766
                                        Facsimile: (210) 229-9277

BY: _____
                                        MATTHEW R. PEARSON
                                        State Bar No. 00788173
                                        Email:  mpearson@pearsonlegalpc.com
                                        VALERIE L. CANTU
                                        State Bar No. 24012498
                                        Email:  vcantu@pearsonlegalpc.com

                                        **ATTORNEYS FOR PLAINTIFF**

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a copy of Plaintiff's First Amended Complaint was served on the following counsel via electronic service on the 27th day of June, 2023, in accordance with the Federal Rules of Civil Procedure:

James W. Holbrook, III
State Bar No. 24032426
jholbrook@zellelaw.com
Jennifer L. Gibbs
State Bar No. 24050656
jgibbs@zellelaw.com
ZELLE LLP
901 Main Street, Suite 4000
Dallas, TX 75202-3975
**Attorneys for Defendant**

_____
Matthew R. Pearson